NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| BOGHOS OHANNES JANSEZIAN, ) | No. 05-73695 |
| ) | |
| Petitioner, ) | Agency No. A075-771-825 |
| ) | |
| v. ) | **MEMORANDUM**<sup>*</sup> |
| ) | |
| ERIC H. HOLDER Jr., Attorney ) | |
| General, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted April 5, 2010<sup>**</sup>
Pasadena, California

Before:    FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Boghos Ohannes Jansezian, a native and citizen of Lebanon, petitions for

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3] We deny the petition in part and dismiss it in part.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However,

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that the BIA's decision was supported by substantial evidence.[4] The IJ determined that Jansezian lacked credibility for a number of reasons. Among them were reasons that went to the very heart of Jansezian's claim for asylum. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir. 2004). For example: (a) His claim hinged on two allegedly serious incidents, but there was inconsistency about whether there were two harmful events or only one (in fact, the declaration filed with his asylum petition listed only one, and his mother and sister, who were percipient witnesses in Lebanon, indicated that there was only one, but he later asserted there were two);[5] and (b) He claimed that after the last event his family was contacted by officers and required to pay a substantial bribe to hide his homosexuality from the neighbors, but he

---

[4]Because the BIA used the streamlining procedure and adopted the immigration judge's (IJ) decision as its own, we review the IJ's decision. See Halim v. Holder, 590 F.3d 971, 975 (9th Cir. 2009). Of course, the streamlining procedure does not violate due process. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849–52 (9th Cir. 2003).

[5]Omission of serious central incidents undermines credibility. See Kin v. Holder, 595 F.3d 1050, 1056–57 (9th Cir. 2010); Alvarez-Santos, 332 F.3d at 1254.

testified to a different set of facts — a bribe paid at the police station to obtain his release on bail — and also indicated that the neighbors had known about his sexual preference for a very long time. One major inconsistency is sufficient to sustain a lack of credibility finding. See Li, 378 F.3d at 960, 964. Thus, Jansezian failed to show past persecution or that he had a well-founded fear of future persecution that was "both subjectively genuine and objectively reasonable";[6] he did not establish his eligibility for asylum.

Because Jansezian did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of deportation.[7] See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

We have not overlooked Jansezian's claim that the IJ violated due process because he intimidated the witnesses. However, our review of the record indicates that nothing the IJ did rises "to the level of a due process violation." Melkonian v. Ashcroft, 320 F.3d 1061, 1072 (9th Cir. 2003).

Petition DENIED in part, and DISMISSED in part.

---

[6]Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

[7]On appeal, Jansezian asserts that he is entitled to CAT relief. However, he did not raise a CAT issue before the BIA. Thus, we lack jurisdiction over the claim. See Zara v. Ashcroft, 383 F.3d 927, 930–31 (9th Cir. 2004). We dismiss the petition as far as that issue is concerned.